**NOT FOR PUBLICATION**

**FILED**

NOV 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACOB SMITH, | No. 21-35350 |
| Plaintiff-Appellant, | D.C. No. 6:20-cv-00005-BMM |
| v. | |
| ROEY PFISTER; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted November 8, 2021[**]

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Montana state prisoner Jacob Smith appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging retaliation.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc).  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment for defendant Wigert because Smith failed to exhaust administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are effectively unavailable).

We reject as meritless Smith's contentions that the district court erred by declining to consider whether Smith's retaliation claim was incorporated into the formal grievance, and by failing to provide an additional opportunity to file a statement of undisputed facts.

**AFFIRMED.**